UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES V. SWINNIE,

        Plaintiff,

v.

PETE GEREN, Secretary of the Army,

        Defendant.

CASE NO. C08-5073BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 34). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2008, Plaintiff James V. Swinnie filed a complaint alleging that "Defendant discriminated against him because of his race, disability and sex." Dkt. 1, ¶ 1. Plaintiff claims that Defendant's actions violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and the Rehabilitation Act. *Id.* ¶ 9.

On February 13, 2009, Defendant filed a Motion to Dismiss and/or for Summary Judgment. Dkt. 18. On March 6, 2009, Plaintiff responded. Dkt. 21. On March 12,

1 | 2009, Defendant replied. Dkt. 28. On April 8, 2009, the Court granted Defendant's
2 | motion on all of Plaintiff's claims and dismissed this action. Dkt. 32.

On April 22, 2009, Plaintiff filed a Motion for Reconsideration. Dkt. 34.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Plaintiff argues that the Court "improperly" granted Defendant's motion to dismiss as to Plaintiff's claim for hostile work environment and claim for failure to accommodate. Dkt. 34 at 2. Plaintiff also argues that it was "improper" for the Court to grant summary judgment on his Title VII claims and Rehabilitation Act claim. Dkt. 34 at 2-7.

**A.     Motion to Dismiss**

First, in granting Defendant's motion to dismiss, the Court stated that:

> [A] review of the Plaintiff's EEO complaint and the investigation reveals that Plaintiff failed to present his hostile work environment claim and his disability accommodation claim to the EEO office. *See* Dkt. 18-2, Exhs. E and F; *see also* [Dkt. 21] Swinnie Decl., Exhs. 1-13.

Dkt. 32 at 6. Plaintiff has failed to show that this finding was manifest error because he fails to directly cite specific evidence to the contrary. Moreover, Plaintiff's assertions that these claims were part of the EEO proceeding are unsupported conclusions.

Second, Plaintiff argues that "Defendant first moved for summary judgment on Plaintiff's hostile work environment claim in its reply brief." Dkt. 34 at 2. However, on the first page of Defendant's opening brief, it states that "the Secretary of the Army is entitled to Judgment as to all claims." Dkt. 18 at 1. Plaintiff's argument is without merit.

Therefore, the Court denies Plaintiff's motion for reconsideration on this issue.

ORDER - 2

**B.     Summary Judgment**

First, Plaintiff claims that it was improper for the Court to consider evidence that Defendant submitted with its reply brief because Plaintiff did not have an opportunity to respond to that evidence. Dkt. 34 at 3 (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). Plaintiff, however, had adequate opportunity to respond to this evidence. *See* Local Rule CR 7(g). Plaintiff's argument is without merit.

Second, Plaintiff argues that there are material questions of fact for trial because Plaintiff showed that workers of a different race than Plaintiff were provided more overtime hours. Dkt. 34 at 3. Plaintiff asserts conclusory allegations of discrimination without directly attacking any aspect of the Court's Title VII burden shifting analysis. Based on only these conclusions, Plaintiff has failed to show that the Court committed manifest error when it granted Defendant's motion on Plaintiff's Title VII racial discrimination claim.

Third, Plaintiff argues that "Defendant failed to address each incident of retaliatory conduct complained of by Plaintiff . . . ." Dkt. 34 at 5. Plaintiff, however, has failed to show that everything he complained of was an actionable adverse employment action for purposes of a Title VII retaliation claim. Moreover, Plaintiff has failed to show that the Court committed manifest error when it found that Plaintiff had failed to establish either a prima facie case of retaliation or that Defendant's legitimate reasons for some adverse actions were merely pretext. Dkt. 32 at 14.

Finally, Plaintiff argues that, for his Rehabilitation Act claim, the Court required him to provide medical evidence of his disability. Dkt. 34 at 6-7. To the contrary, the Court found that, "aside from Plaintiff's unsupported allegations [of disability], there is no evidence in the record that Plaintiff is disabled as defined by the Act." Dkt. 32 at 15. Plaintiff's argument is without merit.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 34) is **DENIED**.

DATED this 4th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge